# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

ASHLEE S. MATTSON,
                **Plaintiff,**

      **v.**                                     **Case No. 07-C-325**

DOLE FOOD COMPANY, INC.,
NATURAL SELECTION FOODS LLC,
NATURAL SELECTION FOODS MANUFACTURING LLC,
and MISSION ORGANICS LP/LLC,
                **Defendants.**

---

## ORDER

On April 5, 2007, plaintiff Ashlee S. Mattson filed this diversity tort action against

defendants Dole Food Company, Inc. ("Dole"), Natural Selection Foods LLC ("Natural

Selection"), Natural Selection Foods Manufacturing LLC ("Natural Selection

Manufacturing") and Mission Organics LP/LLC ("Mission").[1]  Dole, Natural Selection and

Natural Selection Manufacturing answered in a timely fashion but Mission did not.  On June

25, 2007, plaintiff filed a motion for default judgment against Mission.  Plaintiff did not apply

to the clerk of court for entry of default and no default has been entered in this case.  On

---

[1]In the complaint, plaintiff alleges that Natural Selection, Natural Selection Foods and Mission Organics are all corporations incorporated in California and with their principal place of business in California.  This is odd, given that plaintiff placed the abbreviations LLC or LP/LLC after their names.  However, in their answers, each of these defendants has stated that it is, in fact, a corporation incorporated in California and with its principal place of business in that state.  As such, it appears that I have jurisdiction over this case. However, I will request that Natural Selection, Natural Selection Foods and Mission Organics each review its corporate documents to confirm that it is a corporation prior to the upcoming conference.  If any business discovers that it is actually a limited liability company, it will need to disclose the identities of each of its members, and if it is actually a partnership, it will need to disclose the identities of each of its partners.  See Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 347-48 (7th Cir. 2006).

July 27, 2007, Mission appeared in this case and filed a brief opposing plaintiff's motion for default judgment and a motion for leave to file an answer. Plaintiff has not responded to either filing.

Mission's uncontested filings establish that plaintiff inadvertently served Mission with a complaint and summons addressed to Natural Selection rather than Mission, and therefore the Mission employee who received such service believed that it was erroneously delivered to Mission. As such, Mission did not become aware that it was a defendant in this lawsuit until it was served with plaintiff's motion for default judgment. Mission took action to retain local counsel and defend against the suit immediately upon receiving this motion. Given that this case has not proceeded beyond the pleadings stage, plaintiff does not contest Mission's motion for leave to file an answer, and Mission has provided good cause for its failure to appear in a timely fashion,

**IT IS ORDERED** that plaintiff's motion for default judgment is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Mission Organics's motion for leave to file an answer is **GRANTED**.

**IT IS FURTHER ORDERED** that a telephonic Fed. R. Civ. P. 16(b) scheduling conference will be held on **October 9, 2007 at 3:00 p.m.** The court will initiate the call. The participation of the attorney who will be handling the case is required.

The parties should note Fed. R. Civ. P. 26(f), which requires that they confer with each other at least 21 days before the Rule 16(b) scheduling conference and file a written report of their proposed discovery plan within 14 days after their Rule 26(f) conference. The first paragraph of the joint Rule 26(f) report should state the date and time given above

2

for the Rule 16(b) scheduling conference.  The parties should also note Rule 26(a)(1),

which requires (unless they agree otherwise) that they make their initial disclosures to each

other within 14 days after their Rule 26(f) conference.

Dated at Milwaukee, Wisconsin this 5 day of September, 2007.


/s_____
LYNN ADELMAN
District Judge

3